"UNDER SEAL"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24CR179-FDW

FILED
CHARLOTTE, NC

SEP 17 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNDER SEAL

| | |
|---|---|
| UNITED STATES OF AMERICA | **BILL OF INDICTMENT** |
| v. | Violations:<br>18 U.S.C. § 513(a)<br>18 U.S.C. § 1349<br>18 U.S.C. § 1709<br>18 U.S.C. § 2 |
| (1) ANDRE WHITEHURST<br>(2) AARON GRICE<br>(3) RASHAD LOWERY | |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

### INTRODUCTION

### The Defendants

1. Defendant ANDRE WHITEHURST was a resident of Charlotte, North Carolina and was an employee of the U.S. Postal Service. WHITEHURST was a clerk at the Postal Service's Minuet Station in Charlotte.

2. Defendant AARON GRICE was a resident of Charlotte, North Carolina.

3. Defendant RASHAD LOWERY was a resident of Charlotte, North Carolina.

### The Bank Fraud Conspiracy

4. Beginning in at least April 2022 and continuing to the date of this Indictment, WHITEHURST, GRICE, LOWERY, and others known and unknown to the Grand Jury (the "co-conspirators"), engaged in a scheme and artifice to obtain funds under the custody and control of financial institutions by stealing checks, including from the U.S. Postal Service, resulting in attempted losses of over $364,000 to banks and account holders.

5. WHITEHURST used his position as a U.S. Postal Service clerk to steal incoming and outgoing checks at the Minuet Carrier Annex in Charlotte, North Carolina. WHITEHURST then sold the stolen checks to GRICE. LOWERY and other co-conspirators deposited the stolen checks into bank accounts in the names of fictitious identities and moved the stolen funds before the banks determined that the checks were stolen.

1

Case 3:24-cr-00179-MEO-DCK    Document 3    Filed 09/17/24    Page 1 of 6

6. The payees for the checks stolen by WHITEHURST were typically businesses located in the zip code areas serviced by the Minuet Carrier Annex. From July 2022 to March 2023, 63 checks from the Minuet Carrier Annex had been stolen and deposited into bank accounts. As a clerk at Minuet Station, WHITEHURST did the following:

    a. On or about May 2, 2022, WHITEHURST stole a check dated April 21, 2022 for $7,700 written on an account of Victim S.H.C. and payable to Victim V.D. from the U.S. mail.

    b. On or about May 2, 2022, WHITEHURST stole a check dated April 27, 2022 for $2,500 written on an account of Victim E.I.M. and payable to Victim V.I.I. from the U.S. mail.

7. WHITEHURST communicated with co-conspirators via electronic communications including text messages about the sale and disposition of the stolen checks. For example, WHITEHURST sent messages to co-conspirators regarding available checks for purchase, including:

    a. On or about January 14, 2023, WHITEHURST sent a text message to GRICE reading, "Yo yo, got a few if you need it."

    b. On or about January 21, 2023, WHITEHURST sent a text message to GRICE reading, "Got some numbers..."

    c. On or about January 30, 2023, WHITEHURST sent a text message GRICE reading, "Nice bundle if you looking." GRICE responded, "Still got some but how many u was talking ?" WHITEHURST replied, "Got like over 30-35."

8. Co-conspirators opened, controlled, and monitored bank accounts at financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"), in the names of other co-conspirators, other persons, and nominees. They deposited the stolen checks into these accounts and withdrew the funds as cash.

9. By monitoring the bank accounts, many of which were in the names of fictitious persons, the co-conspirators did and attempted to avoid detection of their fraudulent activities and impair financial institutions and others from stopping transactions and closing accounts. When depositing the stolen checks, the co-conspirators and others often signed the name of fictitious people on the back of the checks and made fraudulent endorsements by including language such as "pay to the order of [fictitious payee]." Fraudulent deposits include the following:

    a. On or about September 26, 2022, GRICE did and attempted to deposit a stolen check in the amount of $8,750 and payable to "Keller Williams." This transaction occurred

at an ATM located at First Citizen Bank's Waterside Crossing branch in Denver, North Carolina. The back of the check displayed the signature "Brianna Jones," and the endorsement read "Pay to the order of Brianna Jones."

b. On or about November 9, 2022, LOWERY did and attempted to deposit a stolen check in the amount of $3,715 and payable to "KMC Solutions LLC." This transaction occurred at an ATM located at Truist Bank's Paw Creek branch in Charlotte, North Carolina. The back of the check displayed the signature "Josiah Boyles," and the endorsement reads "Pay to the order of Josiah Boyles."

10. The co-conspirators engaged in frequent financial transactions between different accounts by various means, including the use of ATM machines and Zelle and Cash App transfers. In many instances, multiple transactions occurred within minutes of one another. In addition to using accounts with fictitious names, they often wore masks, hats, and other deceptive clothing to conceal their true identities from bank cameras and other surveillance devices.

11. If co-conspirators successfully deposited a stolen check, they quickly transferred these funds to other accounts before financial institutions realized the fraudulent nature of the deposit and cancelled the transaction. Most of the proceeds from these deposits were transferred to a Cash App account of a nominee, Willliam Anderson. During the criminal conspiracy at least $74,519.38 in proceeds from the stolen checks were transferred into this account. After the co-conspirators and others transferred fraudulently obtained funds in the Anderson account, these funds were transferred to other accounts controlled by the co-conspirators, thereby further concealing the true nature of the fraud. For example, WHITEHURST received approximately $14,920 from the Anderson account.

## COUNT ONE -- CONSPIRACY TO COMMIT BANK FRAUD
### (18 U.S.C. § 1349)

12. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 11 of the Bill of Indictment, and further alleges that:

13. From in or about April 2022 and continuing to the date of this Bill of Indictment, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

**(1) ANDRE WHITEHURST**
**(2) AARON GRICE**
**and**
**(3) RASHAD LOWERY**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with

3

others known and unknown to the Grand Jury, to engage in a scheme and artifice to obtain money, funds, or credits under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344(2).

### Object of the Conspiracy

14. <u>Financial Institution Fraud</u>: It was a part and an object of the conspiracy that WHITEHURST, GRICE, LOWERY and their co-conspirators, would and did execute and attempt to execute, the above-described scheme and artifice to obtain moneys owned by, or in the custody or control of, one or more of the Victim Financial Institutions, by means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344(2).

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2 THROUGH 5 – THEFT OF MAIL BY POSTAL EMPLOYEE
### (18 U.S.C. § 1709)

15. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 11 of the Bill of Indictment, and further alleges that:

16. On or about the dates set forth below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**ANDRE WHITEHURST,**

did unlawfully have in his possession checks stolen from the postal stream as described below, which had been stolen, taken, embezzled and abstracted from a letter box, post office, mail receptacle, mail route or carrier, which was an authorized depository for mail matter, knowing the said check to have been stolen, taken, embezzled and abstracted from an authorized depository for mail:

| COUNT | Date | Stolen Check |
|---|---|---|
| 2 | May 2, 2022 | From SC House Calls to Videro Diagnostics in the amount of $7,700, dated April 21, 2022 |
| 3 | May 2, 2022 | From Eden Internal Medicine, PLLC to Videro (Insight Imaging) in the amount of $2,500, dated April 27, 2022 |
| 4 | August 15, 2022 | From BW Boulder to Hospitality Logistics International in the amount of $7,400, dated August 11, 2022 |
| 5 | August 15, 2022 | From The Heights, Inc. to First Tryon Advisors in the amount of $6.652.50, dated August 12, 2022 |

All in violation of Title 18, United States Code, Section 1709.

## COUNT 6 – MAKING, UTTERING AND POSSESSING FORGED SECURITIES
### (18 U.S.C. §§ 513(a) and 2)

17. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 11 of the Bill of Indictment, and further alleges that:

18. On or about September 26, 2022, in Lincoln County, in the Western District of North Carolina, and elsewhere, the defendant,

### AARON GRICE,

and others known and unknown to the Grand Jury, aiding and abetting one another, did and attempted to make, utter and possess a counterfeited and forged security of an organization which operates in or the activities of which affect interstate commerce, that is, a $8,750 check made payable to "Keller Williams" and displaying the signature "Brianna Jones" and the endorsement "Pay to the order of Brianna Jones" on the back, with the intent to deceive another person, organization or government.

In violation of Title 18, United States Code, Sections 513(a) and 2.

## COUNT 7 – MAKING, UTTERING AND POSSESSING FORGED SECURITIES
### (18 U.S.C. §§ 513(a) and 2)

19. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 11 of the Bill of Indictment, and further alleges that:

20. On or about November 9, 2022, in Mecklenburg County, in the Western District of North Carolina, and elsewhere, the defendant,

### RASHAD LOWERY,

and others known and unknown to the Grand Jury, aiding and abetting one another, did and attempted to make, utter and possess a counterfeited and forged security of an organization which operates in or the activities of which affect interstate commerce, that is, a $3,715 check made payable to "KMC Solutions LLC" and displaying on its back the signature "Josiah Boyles" and the endorsement "Pay to the Order of Josiah Boyles," with the intent to deceive another person, organization or government.

In violation of Title 18, United States Code, Sections 513(a) and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this Bill of Indictment;

b. All property involved in the violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

a. A forfeiture money judgment in the amount of at least $74,519.38, such amount constituting the proceeds of the violations set forth in this Bill of Indictment.

A TRUE BILL:

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

KENNETH M. SMITH
ASSISTANT UNITED STATES ATTORNEY

6